IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WINFRED WITHERSPOON, #325-747    *
        Plaintiff,
   v.                                  *   CIVIL ACTION NO. JFM-07-398

CORPORAL DAVID NALESNIK       *
        Defendant.
                                      ***

## **MEMORANDUM**

On February 13, 2007, the court received for filing the instant 42 U.S.C. § 1983 civil rights action for damages[1] filed by Winfred Witherspoon ("plaintiff"), who is confined at the Roxbury Correctional Institution in Hagerstown, Maryland. Plaintiff alleges that defendant, an officer with the Towson University Police Department, failed to follow the proper procedures when arresting plaintiff on March 17, 2004. He alleges that during his arrest he falsely identified himself to defendant and to other officers as a Rudolph Rhodes by presenting an identification and Social Security card with that name. Plaintiff complains that based upon a Baltimore City detective identification and a rap sheet, defendant Nalesnik made an error and wrongfully charged plaintiff under his twin brother's name of Wilfred Witherspoon.[2] Because he appears indigent, plaintiff's motion to proceed *in forma pauperis* shall be granted. His complaint shall, however, be summarily dismissed without effecting service on defendant.

According to state records, plaintiff was arrested on March 17, 2004, and charged with various counts, including possession of burglary tools in a motor vehicle and making a false

---

[1] Plaintiff also asks that criminal charges be taken off his twin brother's record.

[2] Plaintiff claims that because he was in possession of a fictitious identification, defendant should have "followed the booking protocol and transported plaintiff to the State Police station or to Central Booking to positively confirm plaintiff's true identity through fingerprints via statewide and federal data base, not through hearsay."

statement to a peace officer. *See State v. Witherspoon*, Case Number: 2C00203940 (District Court for Baltimore County, Maryland) (see attached). Complaint attachments show that on March 27, 2004, while confined in the Baltimore County Detention Center, plaintiff raised a complaint concerning his being charged under his twin brother's name. Documents illustrate that subsequent action, *e.g.* fingerprinting, was taken resulting in the Baltimore County Bureau of Corrections changing documents to reflect plaintiff's true name of Winfred, with an alias of Wilfred.

Plaintiff does not raise a substantive or procedural challenge to his arrest. Rather, he claims that defendant Nalesnik erred by arresting him under his twin brother's name without following proper protocol. Such an allegation, sets out a claim in negligence at best. Tort actions, however, are not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986). Further, court records indicate that the charges are entered under the name of Winfred Witherspoon. To the extent that plaintiff complains that he does not go by the alias of Wilfred Witherspoon and that all charges should be taken off his twin brother Wilfred's record, it is plaintiff's brother, not plaintiff, who would have standing to seek to expunge such a record through state court proceedings.

Because plaintiff's § 1983 complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," the dismissal is pursuant to 28 U.S.C. §1915(e).[3] Plaintiff is hereby notified that he may be barred from filing future suits *in*

---

[3]    28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)   the allegation of poverty is untrue; or
(B)   the action or appeal--
(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such

*forma pauperis*[4] if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious under §1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.[5]

A separate Order shall be entered in compliance with the opinion set out above.


Date:   February 28, 20007                 /s/
                                           J. Frederick Motz
                                           United States District Judge

---

relief.

[4]   This constitutes the second § 1915(e) dismissal charged to plaintiff. *See Witherspoon v. Cole*, Civil Action No. JFM-05-2232 (D. Md.).

[5]   28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.